NO. 07-01-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 29,2002
_____

CHARLES F. NELSON, JR.,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE # 843489,

Appellant

v.

GIOFFREDI and ASSOCIATES and RICHARD HOWARD,

Appellees
_____

FROM THE 181ST JUDICIAL DISTRICT FOR POTTER COUNTY

NO. 88,366-B; HON. JOHN B. BOARD, PRESIDING
_____

Before Boyd, C.J., Quinn, and Reavis, JJ.

Charles F. Nelson, Jr., (Nelson), a current inmate with the Texas Department of Criminal Justice (TDCJ), appeals from an order dismissing his suit against Gioffredi and Associates (Gioffredi) and Richard Howard (Howard), an associate of Gioffredi. Via his pro se brief, he contends the trial court erred in dismissing the action. We affirm.

### *Background*

Upon being convicted of a criminal offense, Nelson sued Howard and Gioffredi, his legal counsel in the criminal prosecution. He invoked the status of pauper and prosecuted

the action *pro se*.  Furthermore, the claims underlying the suit pertain to his counsel's performance and conduct while representing him in the criminal prosecution.  Among other things, counsel allegedly was ineffective and committed, among other things, negligence, fraud, and forgery.  Moreover, because of that supposed misconduct, Nelson purportedly suffered injury for which he sought monetary redress.

Upon receiving service of process, Howard and Gioffredi joined issued.  Shortly thereafter, the trial court dismissed the action pursuant to §14.003 of the Texas Civil Practice and Remedies Code.   According to the court, the claim was frivolous and malicious in that 1) "the claim's realistic chance of ultimate success [was] slight," 2) "the claim ha[d] no arguable basis in law or in fact," 3) "it [was] clear that Mr. Nelson [could not] prove facts in support of his claim," and 4) "the claim [was] substantially similar to a previous claim filed by this inmate because the claim arises from the operative facts (sic)." The order further refers to "Cause No. 87,773-E; Charles F. Nelson, Jr. vs. Rick Howard, et al; 108th Judicial District Court, Potter County, Texas."

### *Standard of Review*

Statute permits a trial court to dismiss an action initiated by an inmate proceeding *in forma pauperis*.  TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a) (Vernon Supp. 2001). Before doing so, however, the trial court must first find either that the allegations of poverty were false, that the action was frivolous or malicious, or that the inmate executed a false affidavit or unsworn declaration. *Id.* at §14.003(a). Next, in determining whether the action is frivolous, the court may consider whether 1) the plaintiff's "realistic chance of ultimate success is slight," 2) the claim lacks "arguable merit in law or fact," 3) the plaintiff can prove

2

a set of facts supporting his claim, or 4) the claim arises from the same operative facts as a previous claim filed by the inmate. *Id.* at §14.003(b). Finally, the decision to dismiss is reviewed under a standard of abused discretion. *See Morris v. Collins*, 916 S.W.2d 527, 528 (Tex. App.--Houston [1st Dist.] 1995, no writ) (stating that a trial court has broad discretion to determine whether to dismiss under 13.001). And, discretion is abused when the court acted arbitrarily, unreasonably, or without reference to guiding principles. *Harrison v. Texas Dept. Crim. Justice*, 915 S.W.2d 882, 887 (Tex. App.--Houston 1995, no writ).

### *Application of Standard*

Nelson, via four issues, contends that the trial court abused its discretion in dismissing his suit. We disagree.

Practically speaking, to gain reversal, Nelson must illustrate that none of the grounds upon which the trial court acted were legitimate. If he did not do so, then we could affirm the decision on the ground that he failed to prove erroneous.

Furthermore, the various causes of action alleged by Nelson pertain to the quality of representation provided him by Howard and Gioffredi and how that representation resulted in his particular conviction. As such, they amount to nothing more than allegations of legal malpractice. *See Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.–Houston [1st Dist.] 1998, pet. denied) (stating that although the plaintiff alleged causes of action sounding in fraud, deceptive trade practice, breach of fiduciary duty, and good faith and fair dealing they were nothing more than claims of legal malpractice). Next, one convicted of a crime may maintain legal malpractice claims involving that conviction

3

only if he has been exonerated on direct appeal, through post-conviction relief, or otherwise. *Douglas v. Delp*, 987 S.W.2d 879, 884 n.1 (Tex. 1999), *quoting*, *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995) (plurality opinion).

At bar, it is clear from the pleadings of Nelson that he attributes to Howard and Gioffredi misconduct resulting in his conviction and purported injury. Yet, nowhere does he allege that he was exonerated of guilt *viz* that conviction through appeal or otherwise. Consequently, he failed to state a viable cause of action, and the trial court did not err in finding that his claims lacked arguable merit in law and, therefore, were frivolous. And, because the court did not err in that regard, Nelson failed to prove that none of the grounds cited by the trial court supported dismissal.

We affirm the judgment.

Per Curiam

Do not publish.